Harms, J.,
delivered the opinion of the Court.
The only question presented by this record is, did the •Circuit Court err, in refusing to order a writ of restitution for the property forcibly and unlawfully detained? We think not.
The indictment is for the offense against the public peace and criminal laws of the country. And when the offender is convicted and punished for this, the demand of the criminal law is satisfied.
For the civil injury, a civil remedy is given, at the suit of the party whose rights have been violated.
If we were to ' admit, • the most that can with any show of plausibility be assumed, that the Court has a discretionary power to make such, order, it would in our opinion, be impolitic to exercise it. The result would be, in most cases, that, instead of resorting to his remedy by civil action, the injured party would set on foot a prosecution with the view in the first place of avoiding the expense of procuring counsel to prosecute his action, and eventually, if the prosecution should prove unsuccessful, to throw the entire costs on the Govern *261 ment, when Ms real object, in getting up the prosecution, was to procure tbe restitution of Ms own private property.
Another objection is, that, if such practice were adopted, the State would' thereby be deprived of the benefit of the testimony of the owner of the property, who would be directly interested in the event of the prosecution.
There is no error in the refusal of the Court to order a writ of restitution, and the judgment is affirmed.